**UNITED STATES BANKRUPTCY COURT**
NORTHERN    DISTRICT OF   ILLINOIS
EASTERN DIVISION

In re:  STEVENS PUMP COMPANY       §   Case No. 13-42965
                                   §              Hon. CAROL A. DOYLE
                                   §              Chapter 7
                                   §
Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/01/2013.
The undersigned trustee was appointed on 11/01/2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $67,907.76

   Funds were disbursed in the following amounts:

   Payments made under an interim distribution    _____
   Administrative expenses                              $10.43
   Bank Service Fees                              _____
   Other payments to creditors                    _____
   Non-estate funds paid to 3rd Parties           _____
   Exemptions paid to the debtor                  _____
   Other payments to the debtor                   _____

   Leaving a balance on hand of [1]                    $67,897.33

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6. The deadline for filing non-governmental claims in this case was 03/21/2014 and the deadline for filing governmental claims was 04/30/2014 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,645.39. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $0.00 as interim compensation and now requests the sum of $6,645.39, for a total compensation of $6,645.39 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $117.89, for total expenses of $117.89 [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/16/2014    By: /s/ ALLAN J. DeMARS
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 13-42965
Case Name: STEVENS PUMP COMPANY
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $67,897.33

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $67,897.33

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Trustee, Fees | ALLAN J. DeMARS | $6,645.39 | $0.00 | $6,645.39 |
| Trustee, Expenses | ALLAN J. DeMARS | $117.89 | $0.00 | $117.89 |
| Attorney for Trustee, Fees | ALLAN J. DeMARS | $13,205.00 | $0.00 | $13,205.00 |
| Attorney for Trustee, Expenses | ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| Accountant for Trustee, Fees | LOIS WEST/POPOWCER KATTEN | $1,004.50 | $0.00 | $1,004.50 |
| Accountant for Trustee, Expenses | LOIS WEST/ POPOWCER KATTEN | $0.00 | $0.00 | $0.00 |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |
| Charges, U.S. Bankruptcy Court | | | | |
| Fees, United States Trustee | | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $20,972.78
Remaining balance: $46,924.55

**UST Form 101-7-TFR (5/1/2011)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Total Requested* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for          , Fees* | | | |
| *Attorney for          , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $46,924.55

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$2,453.47_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim No.* | *Claimant* | *Allowed Amount of Claim* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|---|
| 25 | Internal Revenue Service | $130.43 | $0.00 | $130.43 |
| 26 | Illinois Dept. of Revenue | $1,829.52 | $0.00 | $1,829.52 |
| 27 | Illinois Dept. of Employment | $493.52 | $0.00 | $493.52 |

Total to be paid for priority claims: $2,453.47
Remaining balance: $44,471.08

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$523,218.05_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___8.5___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | United Parcel Service | $967.87 | $0.00 | $82.26 |
| 2 | Able American Plastics | $28,751.25 | $0.00 | $2,443.72 |
| 3 | Maloney & Craven PC | $12,786.24 | $0.00 | $1,086.77 |
| 4 | GIS Rolling, inc. | $9,214.08 | $0.00 | $783.15 |
| 5 | Mid-Atlantic Systems of DPN, Inc. | $29,037.60 | $0.00 | $2,468.06 |
| 6 | Mid-Atlantic Systems of CPA, Inc. | $34,138.80 | $0.00 | $2,901.64 |
| 7 | Mid-Atlantic Systems of NJ, Inc. | $58,467.60 | $0.00 | $4,969.47 |
| 8 | Mid-Atlantic Systems of NY, Inc. | $27,075.80 | $0.00 | $2,301.32 |
| 9 | Mid-Atlantic Systems of MD, Inc. | $14,322.60 | $0.00 | $1,217.35 |
| 10 | Mid-Atlantic Systems of VA, Inc. | $25,309.80 | $0.00 | $2,151.21 |
| 11 | Forest Packaging Corp. | $5,400.64 | $0.00 | $459.03 |
| 12 | Critchfield, Critchfield & Johnston | $22,336.36 | $0.00 | $1,898.49 |
| 13 | Lee Supply Corporation | $46,352.43 | $0.00 | $3,939.74 |
| 14 | Michael Machine Co. | $5,089.03 | $0.00 | $432.55 |
| 15 | Allstate Property & Casualty Insurance | $8,654.99 | $0.00 | $735.63 |
| 16 | State Farm Fire & Casualty Co. | $4,178.60 | $0.00 | $355.16 |
| 17 | Erie Insurance Exchange | $10,000.00 | $0.00 | $849.95 |
| 18 | Safeco Insurance Co. | $15,982.88 | $0.00 | $1,358.47 |
| 19 | JP Morgan Chase Bank NA | $135,982.39 | $0.00 | $11,557.87 |
| 20 | Allstate Property & Casualty Insurance | $9,917.97 | $0.00 | $842.98 |
| 21 | Erie Insurance Exchange | $8,661.41 | $0.00 | $736.18 |
| 22 | Allstate Property & Casualty Insurance | $5,500.00 | $0.00 | $467.48 |
| 23 | Johnston Supply Co. | $5,089.71 | $0.00 | $432.60 |

Total to be paid for timely general unsecured claims: $44,471.08
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $5,000.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 24 | Allstate Property & Casualty Insurance | $5,000.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00

**UST Form 101-7-TFR (5/1/2011)**

Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $824.70 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 25 | Internal Revenue Service | $300.00 | $0.00 | $0.00 |
| 26 | Illinois Dept of Revenue | $332.95 | $0.00 | $0.00 |
| 27 | Illinois Dept of Employment Security | $191.75 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**